UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESPINA LUCAS,

Plaintiff,

v. Case No. 8:26-cv-03082-WFJ-NHA

COMMONWEALTH OF VIRGINIA, ET AL.,

Defendants.
_______________________________/

## REPORT AND RECOMMENDATION

I recommend that the district court deny Plaintiff's motion to proceed without paying the filing fee (Doc. 2), and dismiss this action, because Plaintiff has failed to state a non-frivolous claim.

### I. Background

Prior to filing this case, Plaintiff Despina Lucas, proceeding without an attorney, filed an action against eleven named Defendants—the Commonwealth of Virginia, the City of Virginia Beach, the United States of America, the law firm that opposed Plaintiff's position in probate court, her step-mother and two step-siblings, the State of Illinois, a prosecutor in Illinois, and Wells Fargo Bank. *Lucas v. Commonwealth of Virginia, et. al,* 8:26-cv-1223-MSS-NHA (M.D. Fla. 2026) ("*Lucas I*"), Doc. 1 pp. 3–4. Plaintiff's Complaint asked the Court to "settle . . . [her] father['s] estate," although it

was clear that the estate had already been settled by a probate court in Virginia Beach, Virginia. *Lucas I*, Doc. 1 p. 8. In her Complaint, Plaintiff brought claims against those she believed fraudulently caused the court to settle the estate in a manner unfavorable to Plaintiff. But she failed to identify any specific legal claim against any specific defendant. Because Plaintiff failed to identify any law under which she proceeded and any facts showing any defendant violated such a law, the Court invited Plaintiff to file a new complaint that complied with the federal pleading standards. *Lucas I*, Doc. 7.

Additionally, the Court warned Plaintiff that some claims could be time-barred, given that it appeared that many of the events about which Plaintiff complained occurred in October 1993. *Lucas I*, Doc. 7 p. 5. Accordingly, the Court asked that Plaintiff specify the date on which each violation of the law occurred. *Lucas I*, Doc. 7 p. 7.

On September 24, 2026, Plaintiff renewed her motion for permission to bring this lawsuit without paying the filing fee (*Lucas I*, Doc. 9) and filed an Amended Complaint (*Lucas I*, Doc. 8). The Amended Complaint named nineteen defendants (adding family members, family members' neighbors, and a bankruptcy court as defendants), as well as "unknown agents." *Lucas I*, Doc. 8 pp. 2, 5–7. Plaintiff again failed to identify what claims she brings against which defendant. *Lucas I*, Doc. 8 pp. 10–16. Most of the claims, again, appeared to relate to the administration of Plaintiff's father's estate, which occurred

after his death in 1993. *Lucas I*, Doc. 8 p. 9. The Amended Complaint also mentioned other events that occurred decades ago. *See Lucas I*, Doc. 8 p. 11 (1970s), p. 12 (2005), p. 13 (1989 and 1990s), p. 16 (1993). However, Plaintiff alleged that, more recently (in 2025), her daughter (whom Plaintiff identifies as a Florida resident), took Plaintiff's belongings, threw Plaintiff out of her home, sold Plaintiff's mail, attempted to dissolve Plaintiff's estate, attempted to have Plaintiff deemed mentally ill, and took over Plaintiff's business. *Lucas I*, Doc. 8 pp. 4, 13–14.

On September 30, 2026, I recommended that Plaintiff's case be dismissed because Plaintiff failed to state a non-frivolous claim. *Lucas I*, Doc. 10.

Perhaps in response to that recommendation of dismissal,[1] Plaintiff filed the present action. Doc. 1. Plaintiff's Complaint in this action is an exact copy of her Amended Complaint in her prior action. *Compare* Doc. 1 *with Lucas I*, Doc. 8. Plaintiff seeks to proceed without paying the filing fee. Doc. 2.

## II. Legal Standard

The federal statute that governs the right to bring a lawsuit without paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*,

[1] Plaintiff identifies her previous action as a related case on her civil cover sheet (Doc. 1-1), and attached case filings from her previous case (Doc. 1-3).

490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, Section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325. Federal courts must hold pro se filings (meaning those papers filed by a party who represents herself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

One such rule is Rule 8 of the Federal Rules of Civil Procedure, which requires that a plaintiff describe what law was violated. A complaint must contain "a short and plain statement of the **claim** showing that the pleader is entitled to relief," and a "demand for the relief sought." FED. R. CIV. P. 8(a)(2)—(3) (emphasis added). The pleading standard in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

Finally, independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999)). First, federal district courts have diversity jurisdiction over all civil

actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states. 28 U.S.C. § 1332. Second, federal courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Critically, unless the party asserting jurisdiction proves otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. Discussion

I recommend dismissal of this action for the same reasons that I recommended dismissal of Plaintiff's prior action.

Plaintiff's Complaint does not identify any specific claim under which Plaintiff seeks to proceed. Without identifying a law under which Plaintiff can proceed, or facts showing anyone violated such a law, the complaint fails to state a claim under the Federal Rules and, therefore, has no chance of success as written.

It does not appear that Plaintiff is willing to amend her Complaint as, rather than do so in the prior case, she initiated the present lawsuit by filing an identical copy of the operative complaint from the prior action. *Compare* Doc. 1 *with Lucas I*, Doc. 8. But, even if she were willing to amend, it does not appear amendment could result in a non-frivolous claim.

First, Plaintiff's claims appear to be time-barred, as the pleadings indicate that the relevant events occurred decades ago.[2] Doc. 1 p. 9, p. 11 (1970s), p. 12 (2005), p. 13 (1989 and 1990s), p. 16 (1993).

Second, while Plaintiff does identify events that occurred in 2025—the actions allegedly taken by her daughter against her—those acts do not appear to relate to any claim over which this Court has jurisdiction. Plaintiff's daughter's actions do not appear to violate any federal civil statutes, and both Plaintiff and her daughter are citizens of Florida. 28 U.S.C. §§ 1331, 1332.

## IV. Conclusion

Without a viable claim over which this Court has jurisdiction, the Court cannot authorize Plaintiff to proceed without paying the filing fee. I respectfully RECOMMEND:

(1) Plaintiff's Complaint (Doc. 1) be DISMISSED WITH PREJUDICE for failure to state a claim;

(2) Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED.

---

[2] Related to this concern, it appears to the Court that Plaintiff brought an action with similar allegations more than a decade ago. *Lucas et al v. United States of America et al*, 4:15-cv-00188-BO (E.D.N.C. 2015).

(3) Plaintiff be warned that her attempts to circumvent adverse rulings by filing new actions are not well-taken, and that future frivolous filings in this Court may result in filing restrictions.

SUBMITTED for the District Court's consideration on October 14, 2026.

Natalie Hirt Adams

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.